UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02771-ODW (PDx) | Date | October 29, 2025 |
|---|---|---|---|
| Title | *Gomez Garcia et al v. Kristi Noem et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**                  **In Chambers**

      Petitioners Gilberto Gomez Garcia, Elvia Cruz Vargas, Alejandro Tellez Mendez, and Panfilo Cirilo Noriega Enriquez were arrested by ICE or Border Patrol agents in Orange County and Los Angeles County. (Pet. ¶¶ 16–19, Dkt. No. 1.) Petitioners were detained at the ICE Adelanto Processing Center and Desert View Annex in Adelanto, California and were denied individualized bond hearings based on a "new agency policy" that categorized them as "applicants for admission . . . ineligible for bond redetermination hearings" under 8 U.S.C. § 1225(b)(2)(A). (*Id.* ¶¶ 1, 5, 16–19.)

      On October 20, 2025, Petitioners filed an Ex Parte Application for Temporary Restraining Order requiring, among other things, their release from custody or individualized bond hearings before an immigration judge. (Ex Parte Appl. ("TRO"), Dkt. No. 4.)

      On October 22, 2025, the Court granted the TRO. (Order Granting TRO, Dkt. No. 10.) The Court ordered Respondents to provide each Petitioner with an individualized bond redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the order and enjoined Respondents from relocating Petitioners outside of the Central District of California pending final resolution of this case. (*Id.* at 12.) The Court also ordered Respondents to show cause in writing why the Court should not issue a preliminary injunction in this case. (*Id.*) The Court set a hearing on the preliminary injunction for November 3, 2025, at 10:00 a.m. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-02771-ODW (PDx) | Date | October 29, 2025 |
|---|---|---|---|
| Title | *Gomez Garcia et al v. Kristi Noem et al.* | | |

Respondents filed their response to the Court's order to show cause. (Resp., Dkt. No. 12.) Respondents argue that there is no longer a live controversy as Petitioners were provided individualized bond hearings. (*Id.* at 1.) Specifically, Respondents state that "[o]n October 24, 2025, Petitioners were issued Notices setting individualized bond hearings on October 28, 2025 and October 29, 2025." (*Id.*) To support their position, Respondents attached copies of the notices issued to Petitioners and setting individualized bond hearings for each Petitioner. (Notice Custody Redetermination Hearing ISO Resp. Ex. A ("Bond Hearing Notices"), Dkt. No. 12.) Respondents contend that "[p]roviding Petitioners with the § 1226(a) bond hearings moots the requested preliminary injunction and this habeas petition more generally." (Resp. 1.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Here, Petitioners seek injunctive relief to be provided bond hearings before an immigration judge, (TRO 1), and they have been granted this relief, (Resp. 1). Accordingly, the Court **DENIES AS MOOT** Petitioners' request for preliminary injunction and **VACATES** the November 3, 2025 preliminary injunction hearing in this case.

**IT IS SO ORDERED.**

                        :   00

Initials of Preparer   SE